IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LORETTA J. LOMASTRO,

        Plaintiff,

v.

BAXTER CREDIT UNION and
MESSERLI & KRAMER, PA,

        Defendants.

OPINION AND ORDER

17-cv-962-wmc

This case arises from the efforts of defendant Messerli & Kramer to collect a debt allegedly owed to its client, Baxter Credit Union. Plaintiff Loretta J. LoMastro claims that the collection efforts of both defendants Messerli and Baxter violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.104. In particular, plaintiff alleges the defendants filed a lawsuit against her without providing required notice of her right to cure default *and* by falsely representing that an attorney was meaningfully involved with the debt collection process. Defendants argue for dismissal based on a lack of subject matter jurisdiction, *Colorado River* abstention, and failure to state a claim. (Dkt. #6.) For the reasons explained below, this motion will be granted in part and denied in part.

BACKGROUND[1]

In 2013, Baxter sent a letter to LoMastro seeking to collect on a debt. When

---

[1] In evaluating a motion to dismiss, the court will accept all well-pleaded factual allegations as true. *See Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). In addition, the court may "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d

LoMastro failed to pay, Baxter, then represented by Messerli, proceeded to sue her on the debt in Sauk County, Wisconsin. However, LoMastro was neither told which account was in default nor that she had a right to cure her default. Documentation filed in the underlying state court litigation references only a "charge account." (*See, e.g.*, Summons and Complaint (dkt. #8-1) 3.)

Messerli attorney, Ryan Supple, appeared for Baxter in the Sauk County suit. As of December 22, 2017, Supple had appeared in 4,824 cases since being admitted to the Wisconsin bar in 2013. Allegedly, he carries a similar caseload in Minnesota. LoMastro further contends that other Messerli attorneys have similar caseloads, which has resulted in their failure to provide diligent representation -- leaving discovery requests ignored, cases filed without proper documentation, hearings unattended, cases needlessly dismissed and then refiled, delays, unsupportable allegations, and the use of local counsel unfamiliar with the underlying details of their cases and without authority to resolve them. The conditions at Messerli, it is alleged, created the false impression that an attorney carefully reviewed debt-collections claims, such as the one brought against LoMastro.

On December 29, 2017, LoMastro filed this lawsuit against defendants Baxter and Messerli asserting three causes of action. First, she alleges that defendants violated § 1692e of the FDCPA by falsely representing that Baxter had the right to file suit against her, when it had not yet given notice of her right to cure default as required by Wisconsin law. Second, and relatedly, she asserts a cause of action for violation of Wis. Stat. § 427.104 of

---

1074, 1080 (7th Cir. 1997).

the WCA on the same basis. Third, she alleges that defendants violated § 1692e of the FDCPA because Messerli "falsely represented or implied that an attorney was meaningfully involved in the debt collection process when . . . . [i]n fact, there was no meaningful attorney involvement." (Compl. (dkt. #1) ¶ 35.)

OPINION

As mentioned, defendants argue for dismissal based on a lack of subject matter jurisdiction and *Colorado River* abstention, as well as failure to state a claim. In deciding a jurisdictional issue based on a lack of standing or need for abstention, as here, the court may consider submissions of "competent proof" of disputed facts under a preponderance of the evidence standard. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In contrast, Federal Rule of Civil Procedure 12(b)(6), which governs the motion to dismiss for failure to state a claim, requires that a "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court addresses defendants' three grounds for dismissal below, applying the appropriate standard of review as to each.

I. Standing

Defendants argue that plaintiff has failed to demonstrate the three elements of Article III standing: "(i) an injury in fact, which is an invasion of a legally protected interest

that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision." *Lee*, 330 F.3d at 468 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). At the pleading phase, "the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotation marks omitted) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Defendants argue that plaintiff has not alleged a sufficiently concrete and particularized injury in fact. More specifically, defendants argue that even if the alleged misrepresentations occurred, plaintiff has not alleged that the proscribed conduct *caused* any tangible injury. However, as the Seventh Circuit has explained, a "concrete" injury is not necessarily coextensive with a "tangible" injury. *Spokeo*, 136 S.Ct. at 1549. Instead, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact, such as where the statutory violation creates risk of real harm." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 344 (7th Cir. 2018) (internal quotation marks omitted). In those instances, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id*.

Here, plaintiff alleges that Messerli filed a lawsuit on Baxter's behalf without giving plaintiff the required notice of her right to cure a default, as well as misrepresented that an attorney was meaningfully involved in the process. Drawing all reasonable inferences in plaintiff's favor, the record would appear to permit that this mistake would *not* have

occurred had an attorney reviewed Baxter's complaint before filing. While defendants argue that plaintiff would still have had to defend against the underlying collection suit regardless of these alleged statutory violations, this assumes that the suit would still been filed absent the misrepresentations. Again, drawing inferences in plaintiff's favor at this point, it is at least possible that plaintiff would have been able to cure her default if she had been informed of her right to do so. While defendants may be able to offer overwhelming evidence to the contrary at summary judgment, plaintiff has at this point adequately alleged concrete harms resulting from defendants' statutory violations.

## II. *Colorado River* Abstention

Defendants next argue that this court should abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which generally counsels against a federal court interfering with parallel state court litigation. "[T]o determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006) (citing *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)). However, abstention is "the exception, not the rule," and "[t]he clearest of justifications must be present for a federal court to stay a proceeding pending completion of a state action." *Id.* at 751 (internal quotation marks and citations omitted).

Here, defendants assert that the underlying state court litigation involves "the same notice of right to cure issue as in this federal matter" (Defs.' Mot. Dismiss (dkt. #7) 10), but this is not a situation where identical parties are "litigating substantially the same issues in another forum." *Tyrer*, 456 F.3d at 752 (citing *Interstate Material Corp. v. City of Chi.*,

847 F.2d 1285, 1288 (7th Cir. 1988)). In particular, the state court is unlikely to address the alleged misrepresentations at issue in this case, much less afford the type of damages contemplated by Congress in the FDCPA. While a state court ruling could *potentially* inform the damages in this action, that is insufficient reason for this court to abstain from deciding non-overlapping issues under federal law.

### III. Failure to State a Claim

Finally, defendants argue for dismissal under Federal Rule of Civil Procedure 12(b)(6), which asks "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Again, that claim need only be "facially plausible" at the pleading stage. *Ashcroft*, 556 U.S. at 570.

#### A. Lack of Notice

With regard to plaintiff's allegation that she was sued without having been provided notice of her right to cure, defendants argue that: (1) the WCA does not create a private right of action; (2) notice was not required on these facts; and (3) notice was in fact provided to plaintiff. The court is persuaded by none of these arguments.

The relevant portions of the WCA state that "if the customer has the right to cure under this section," a merchant may only "commence" a legal action after giving the customer notice of this right to cure. Wis. Stat. § 425.105.

> A right to cure shall not exist if the following occurred twice during the preceding 12 months:

6

> (a) The customer was in default on the same transaction or open-end credit plan;
>
> (b) The creditor gave the customer notice of the right to cure such previous default . . . ; and
>
> (c) The customer cured the previous default.

Wis. Stat. § 425.105(3).

In light of these provisions, defendants' second and third arguments above are wholly unavailing. Under the WCA, "default on the entire obligation" does not generally trigger the right to cure. *Rosendale State Bank v. Schultz*, 123 Wis. 2d 195, 198, 365 N.W.2d 911, 912 (Ct. App. 1985). However, default on a credit card account, which is akin to an open-end credit plan, *does* trigger the right to cure, even if the creditor closes the account and writes off the debt. *Johnson v. LVNV Funding*, No. 13-cv-1191, 2016 WL 676401, at *5 (E.D. Wis. Feb. 18, 2016). Consequently, while defendants argue that plaintiff was in complete default, this overlooks that defendants did not appear to possess the right to accelerate the status of plaintiff's debt without first notifying plaintiff of her right to cure. Again, defendants may have evidence to the contrary and can prevail at summary judgment, but at this stage, the parties dispute whether improper acceleration occurred and this question cannot be resolved on the pleadings. Similarly, because plaintiff alleges that she never received the required notice of her right to cure, the court cannot consider defendants' proffer of evidence that such notice was provided when evaluating whether plaintiff's factual allegations state a plausible claim for relief.[2]

---

[2] Of course, the court could convert defendants' motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 12(d), but there appears sufficient disputes here to discourage taking this extraordinary step.

Defendants' first argument -- that the WCA does not create a private cause of action -- is beside the point since plaintiff's claim is not seeking relief under Chapter 425, but rather under Chapter 427. More specifically, plaintiff claims that defendants violated § 427.104(1)(j), which bars debt collectors from claiming, attempting, or threatening "to enforce a right with knowledge or reason to know that the right does not exist" by filing suit before providing the required notice of plaintiff's right to cure.[3] The question then is whether § 427.104(1)(j) permits a creditor to sue a debtor for failing to give notice of the debtor's right to cure default as required by the WCA. While there is authority in this district for the proposition that the WCA does not allow for affirmative claims predicated on the failure to provide such notice,[4] this court agrees with the more recent and specific holding by Judge Peterson in *Satran v. LVNV Funding, LLC*, No. 17-CV-896-JDP, 2018 WL 2464486, at *5 (W.D. Wis. June 1, 2018), that § 427.104(1)(j) does permit such actions for damages.[5]

This approach is consistent with the Wisconsin Supreme Court's most recent guidance that the WCA must be "liberally construed and applied to promote their underlying purposes and policies" of protecting consumers. *Kett v. Cmty. Credit Plan, Inc.*, 228 Wis. 2d 1, 18, 596 N.W.2d 786, 794 (1999) (quoting § 421.102(1)). Of course, it is

---

[3] Of course, as previously discussed, plaintiff also claims defendants violated § 1692e of the FDCPA (which prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of any debt) by falsely representing that an attorney was meaningfully involved.

[4] *See, e.g.*, *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 969 (W.D. Wis. 2013) (holding that § 425.105 does not provide an affirmative basis for a cause of action when plaintiff failed to cite authority to the contrary).

[5] Plaintiff's motion to supplement the record with this decision (dkt. #16) will be granted.

8

also consistent with § 427.105, which expressly authorizes any "person injured by violation of this Chapter" to "recover damages," as well as the penalty provided in § 425.304.[6]

Regardless, plaintiff has also stated a claim under FDCPA § 1692e, which "broadly prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) (quoting § 1692e). Accordingly, plaintiff may proceed past the pleading stage on her theory that defendants falsely represented that they had a right to file suit in violation of the FDCPA, given that the WCA prohibited them from doing so without notice and an opportunity to cure.

B. Meaningful Involvement

Plaintiff does not contest that defendant Baxter is not subject to the FDCPA, which only regulates debt collectors, defined as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "An entity that tries to collect money owed to itself is outside the FDCPA." *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011). Consequently, this court will dismiss the § 1692 claims against defendant Baxter.[7]

---

[6] The Wisconsin Supreme Court recently accepted review of an appeal of a Wisconsin Circuit Court decision finding no right of action. *See Sec. Fin. v. Kirsch, 2018 WI App 35, ¶ 1, 382 Wis. 2d 271, 915 N.W.2d 730, cert. granted, 2018 WI 100, ¶ 1 (Sept. 4, 2018)*. The court notes, however, that the Circuit Court in *Kirsch* relied primarily on the *Beal* decision, which only considered whether there was a claim under § 425.105.

[7] While defendants only request that the third cause of action be dismissed, this appears to be an oversight as the first cause of action is also based on the FDCPA. Accordingly, both causes of action will be dismissed against defendant Baxter.

As for Messerli, defendants also move to dismiss plaintiff's claim under § 1692e. A communication purporting to be from an attorney "implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," so if the communication was in fact "not the product of the attorney's professional judgment[, it] is misleading" and therefore violates § 1692e. *Nielsen*, 307 F.3d at 635 (quoting *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)).

In this case, plaintiff alleges that defendant violated § 1692e by bringing suit against her when an attorney was "not meaningfully involved in the debt collection process," as evidenced by the failure to comply with WCA requirements and the fact that the Ryan Supple was attorney of record in at least 4,824 cases in Wisconsin since 2013 and a comparable number in Minnesota. These allegations state a positive claim for relief under § 1692e that is not predicated upon state law. While defendants argue plaintiff's allegations are conclusory and lack factual support, the pleadings make the specific allegations that the decision to file suit without required notice was procedurally improper and that the named attorney, Supple, would not have had sufficient time to address his unusually large caseload. While defendants dispute this point, it, too, is a factual question that cannot be resolved at the pleading stage.

Plaintiff has also adequately alleged materiality. "[A] false or misleading statement is only actionable under the FDCPA if it is material, meaning that it has 'the ability to influence a consumer's decision.'" *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)) (citation omitted). A complaint purportedly filed by an attorney may influence the

consumer's decision about how to proceed, as it "implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action." *Nielsen*, 307 F.3d at 635 (quoting *Avila*, 84 F.3d at 229).

## ORDER

IT IS ORDERED that:

1) Defendants' motion to dismiss (dkt. #6) is GRANTED IN PART AND DENIED IN PART. The first and third causes of action raised by the complaint (concerning 15 U.S.C. § 1692) are dismissed with respect to defendant Baxter Credit Union. In all other respects, the motion to dismiss is denied.

2) Plaintiff's motion to supplement (dkt. #16) is GRANTED.

Entered this 9th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge